Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff,*
*Collective Action Members,*
*and Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NELSON LEON, on behalf of himself and other employees similarly situated,

Plaintiff,

-against-

DRIVE RITE ACADEMY, INC., and SIMON MIYEROV, individually,

Defendants.

Case No.: 26 cv 5035

**FLSA COLLECTIVE ACTION COMPLAINT AND CLASS ACTION**

ECF CASE

---

Plaintiff, **Nelson Leon** ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Drive Rite Academy, Inc. ("Drive Rite"), and Simon Miyerov, individually (defendants, collectively, the "Defendants") and states as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), and the New York Labor Law, arising

from Defendants' failure to pay non-exempt employees' wages for all hours worked, and overtime compensation.

2. Upon information and belief, Defendants have willfully committed widespread violations of the FLSA and New York Labor Law by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, wages for all hours worked, and overtime compensation for all hours over forty (40) each workweek.

3. Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is an adult resident of Queens County, in the City of New York.

8. Upon information and belief, Defendant, Drive Rite Academy, Inc., is a business entity existing under the laws of the State of New York, with principal operating address at 145 Kenilworth Place, Unit 1B, Brooklyn, New York 11210 and has other satellite offices in New York City.

9. Upon information and belief, Defendant, Simon Miyerov, is an owner, officer, director and/or managing agent of Drive Rite Academy, Inc., whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Drive Rite Academy, Inc., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Drive Rite Academy, Inc.

10. Defendant Drive Rite Academy, Inc., is registered to do business, and does business, in New York.

11. Plaintiff, Nelson Leon, was employed by the Defendants, in Kings County, New York, to work as driving instructor, beginning in or around September 2022, until on or about April 3, 2026.

12. At all times relevant to this litigation, Defendants were the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

13. At all relevant times, Drive Rite Academy, Inc., was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by the Defendant Drive Rite Academy, Inc.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees lawfully earned wages and overtime compensation in contravention of the FLSA and New York Labor Law.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

17. On or about September 2022, Plaintiff, Nelson Leon, was hired by Defendants to work as a driving instructor for Defendants' driving school known as "Drive Rite Academy", located at various locations in New York City and with a principal location at 145 Kenilworth Place, Brooklyn, New York 11210.

18. On or about January 3, 2023, Plaintiff's hours were increased, and he worked continuously thereafter, through April 3, 2026.

19. Plaintiff, Nelson Leon, worked continuously for the Defendants from September 2022 until on or about April 3, 2026.

20. During Plaintiff Nelson Leon's employment by the Defendants, beginning in January 2023 until the end of his employment, he worked over forty (40) hours per week. Plaintiff Nelson Leon often worked approximately eleven (11) hour shifts, five (5) days per week.

21. Plaintiff Nelson Leon was not paid overtime compensation. At all times relevant to this action, Plaintiff Nelson Leon was paid an hourly rate of $24.00 per hour. He was paid bi-weekly (every two (2) weeks).

22. Plaintiff was paid at his regular hourly rate of pay for work performed above forty (40) hours each week. Work performed above forty (40) hours per week was not paid at time and one-half her regular rate of pay as required by state and federal law.

23. Work performed by Plaintiff and similarly situated employees above forty (40) hours per week was not paid at time and one-half their regular rate of pay as required by state and federal law.

24. Moreover, Plaintiff Nelson Leon, and other similarly situated employees, were not paid for all hours worked.

25. For example, tasks performed before the first lesson included logistics of picking up the keys from the office, walking to the car and checking it for damage and condition.

26. Tasks performed after the last lesson included performing motor vehicle checks, finding parking, documenting the status, photographing the vehicle and refilling the gas tank, and finally returning the keys to the office, for which Plaintiff and similarly situated employees received no compensation.

27. Plaintiff and others similarly situated spent approximately one (1) hour each workday on preliminary and postliminary tasks, for which they were not compensated.

28. In addition, Defendants deducted thirty (30) minutes from Plaintiff's daily pay, for a break which he did not actually receive. Plaintiff was not allowed to leave the vehicle for more than a bathroom break, for risk of receiving a citation.

29. Defendant, Simon Miyerov, is an individual who, upon information and belief, owns the stock of Drive Rite Academy, Inc., owns Drive Rite Academy, Inc., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

30. Defendant, Simon Miyerov, is the owner of the company and is an individual who, supervises, manages and sets employees' hours and pay.

## COLLECTIVE ACTION ALLEGATIONS

31. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiff and other similarly situated employees.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant since August 2023 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

34. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former driving instructors, who currently are, or have been employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and whom did not receive proper wages for all hours worked including preliminary and postliminary activities, were

subject to improper deductions, and did not receive overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

35. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, the class is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

36. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, since the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants

have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether Plaintiff and the Collective Action Members were improperly classified as independent contractors, under the FLSA;

c. Whether Defendants failed to pay wages for all hours suffered or permitted to work, and overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

d. Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

e. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, statutory, interest, costs, disbursements, and attorneys' fees.

## CLASS ACTION ALLEGATIONS

40. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

41. Plaintiff brings her New York Labor Law claims on behalf of all persons who were employed by Defendant at any time since August 2020, to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages for all hours worked, or overtime compensation, in violation of the New York Labor Law (the "Class").

42. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the class consists of hundreds of current and former Drive Rite employees, and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

43. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

44. The Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

45. Plaintiff has committed himself to pursuing this action and he has retained counsel experienced in employment law and class action litigation.

46. Plaintiff will fairly and adequately protect the interests of the NY Class Members. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective

Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

47. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that to provide adequate representation, he must remain informed of litigation developments, and he understands that he may be called upon to testify at deposition and at trial.

48. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

49. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. Whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. Whether Defendants failed to pay wages for all hours worked, and overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

c. Whether Defendants' violations of the New York Labor Law were willful as that term is used in the context of the New York Labor Law;

d. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, statutory, interest, costs, disbursements, and attorneys' fees.

**STATEMENT OF CLAIM**
**COUNT I**
**[Violation of the Fair Labor Standards Act]**

50. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Defendants employed Plaintiff and the Collective Action Members, within the meaning of the FLSA.

53. Upon information and belief, at all relevant times, Defendants had gross annual revenues in excess of $500,000.

54. Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half their regular rate of pay for all hours worked in excess forty (40) as provided for in the FLSA.

55. Defendants failed to pay Plaintiff, the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

56. At all relevant times, Defendants had, and continues to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of

forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members for all hours worked, and by failing to compensate Plaintiffs and the Collective Acton Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

58. Records concerning the number of hours worked by Plaintiff and the Collective Action Members and the actual compensation paid to Plaintiff and the Collective Action Members are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

59. Defendant failed to properly disclose or apprise Plaintiff or the Collective Action Members of their rights under the FLSA.

60. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

61. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently

ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

62. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. At all relevant times Plaintiff, and the Collective Action Members, and Class, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65. Defendant knowingly and willfully violated Plaintiff, the Collective Action Members', and the Class' rights by failing to pay them wages for all hours worked, and overtime compensation at rates of not less than one and one-half times their regular rate, for each hour worked in excess of forty (40) hours in a workweek.

66. Defendants knowingly and willfully violated Plaintiff, and the Class Action Member's rights by failing to pay wages for all hours worked.

67. Defendants knowingly and willfully violated Plaintiff's, the Collective Action Members', and the Class' rights by failing to pay wages for all hours worked, and proper overtime compensation.

68. Plaintiff, the Collective Action Members, and the Class are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff, the Collective Action Members, and

the Class also seeks liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

69. Defendants knowingly and willfully violated Plaintiff, and the Class' rights by failing to pay overtime compensation at rates of not less than one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a workweek.

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

70. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

72. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

73. Defendants did not provide Plaintiff, Collective Action Members, or the Class Action Members, with an accurate written statement properly accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

74. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, overtime due.

75. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

76. Defendants failed to provide Plaintiff with a written notice of his rate of pay, regular pay day, and such other information as is required by NYLL § 195(1).

77. Defendants disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

78. Without contemporaneous time records and weekly wage statements, Plaintiff will not recover the full amount of wages owed, thereby constituting a significant and concrete injury.

79. Plaintiff and the Class were not provided with true and accurate wage statements as required by law.

80. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

81. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff and the Class with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

82. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for applicable civil penalties, attorneys' fees, and costs.

83. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and the Class, respectfully requests that this Court grant the following relief:

(a) Designation of this action a collective action on behalf of the Collective Action Members and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

(b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

(c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(d) An award of unpaid wages and overtime compensation due under the FLSA and New York Labor Law;

(e) An award of liquidated damages as a result of Defendant's failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendant's willful failure to pay wages and overtime compensation pursuant to the New York Labor Law;

(g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

(h) An award of prejudgment and post-judgment interest; and

(i) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 18, 2026

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

By: ______________________________
Peter Hans Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Nelson Leon, am an individual currently or formerly employed by Drive Rite Academy, Inc and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
August 14, 2026

[signature]